IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VIVIAN DANCER                                                                              PLAINTIFF

VS.                                                                                  No. 1:04CV306-D-D

BRYCE CORPORATION                                                     DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is the Defendant's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff originally filed this wrongful termination and defamation action on January 8, 2004, in the County Court of Lee County, Mississippi. On October 4, 2004, the Defendant removed the action to this Court citing diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. This action emanates from Defendant's termination of Plaintiff's employment on July 23, 2002.

The Plaintiff, Vivian Dancer, was hired by the Defendant as a lab technician in 1998. During her employment, the Plaintiff was transferred within Bryce and worked several jobs. She ultimately landed in the shipping and packaging department. While in the packaging department, the Plaintiff began to work with another employee of Bryce, Teresa Steele ("Steele"). During the course of their employment, Dancer and Steele began to have problems and confrontations.

The Plaintiff alleges that there were several incidents between her and Steele. In addition, she claims that she reported each of these instances to management at Bryce. The Defendant asserts that it only knew of two incidents, the one occurring in May and the other occuring in

July. In May 2002, the strife between Steele and Dancer turned violent. Dancer alleges that she was using the Fed-Ex machine when Steele shoved her and knocked her out of the way. Dancer reported the incident to David Maxey ("Maxey"), Human Resources Manager at Bryce. Dancer made a written statement detailing the altercation. Maxey asked Dancer if she wanted to report the incident to local law enforcement, but she declined.

Maxey investigated the incident and interviewed Steele. Steele denied that she had pushed Dancer and alleged that it was actually Dancer who started the altercation. Maxey's investigation revealed no witnesses to the incident and no evidence to support either party's version. Maxey then held a meeting with both Steele and Dancer. He informed them that this was their formal warning and that the Defendant would not tolerate any future incidents. The Plaintiff alleges at this time she was also told to quit complaining to management. In addition, she claims that several incidents occurred between May and July and Maxey was aware of them. The Defendant denies that either of these allegations is true.

The final incident between Steele and Dancer occurred on July 17, 2002. Dancer alleges that while operating a fork-lift, Steele yelled at her and grabbed her arm. Dancer alleges that this bruised her arm. The Plaintiff reported the incident to Maxey. Then, there was a meeting with Maxey, the Plaintiff, and Edgar Trice, another Bryce employee. Maxey took Dancer's written statement and began his investigation. Maxey talked with Steele, conducted interviews with other employees in the packaging department and investigated the facts of both stories. Maxey could find no witnesses to the incident. The Plaintiff claims that she and Steele were sent home at a later time. The Plaintiff also claims that she had reported the incidents to other members of Bryce's management team.

On July 23, 2002, Maxey informed Dancer that she and Steele were both being

terminated. Maxey told her that a thorough investigation had revealed no witnesses to the incidents and no determination of who was at fault. Maxey informed her that these repeated altercations posed a danger to Bryce's other employees and its business. Therefore, the Defendant decided to terminate the employment of both parties.

The Plaintiff filed this action claing that Bryce wrongfully terminated her employment. She claims that she was fired for reporting harassment and criminal acts by a co-employee. The alleged criminal act was the assault by Steele. In addition, the Plaintiff claims that the Defendant was estopped from firing her for reporting complaints because the employee handbook encourages such action. She stated that the handbook is the basis for her promissory estoppel claim. Finally, the Plaintiff claims she was defamed before the Mississippi Employment Security Commission ("MESC") by the Defendant who stated she was fired for misconduct. The Plaintiff alleges that Maxey told the MESC that she was involved in an altercation and fired for misconduct. The Plaintiff claims this was false information.

The Defendant now moves this Court to grant it summary judgment on all of Plaintiff's claims and dismiss this action. The Defendant claims that Mississippi is an "employment at will" state and that an employer may terminate an employee for any reason. In addition, the Defendant states that the Plaintiff does not fit under the public policy exception for reporting criminal activity to the employer. Second, the Defendant claims that the employee handbook disclaimed any contractual rights and declared that the employee was an employee at will. Finally, the Defendant states that the defamation claim fails because the Plaintiff has failed to prove that the information was false. In addition, the Defendant claims that information exchanged between the Defendant and the MESC is absolutely privileged and cannot be used as a basis for a lawsuit.

*B. Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" <u>Celotex Corp.</u>, 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56© mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>, 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. <u>Matsushita Elec. Indus. V. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Applicable Law*

Federal Courts sitting in diversity must apply state substantive law. See <u>Krieser v. Hobbs</u>, 166 F.3d 736, 739 (5th Cir. 1999). "The core of what has become known as the 'Erie Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an

Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law." Hanley v. Forrester, 903 F.2d 1030, 1020 (5th Cir. 1990) (*citing* Erie R. Co. v. Thompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 2d 1188 (1938)). When deciding an unsettled issue of state law, this Court must consider how the Mississippi Supreme Court has, or would, interpret the question. See Batts v. Tow-Motor Forklift Co., 978 F.2d 1386, 1389 (5th Cir. 1992) (*citing* American Waste & Pollution Control Co. V. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir.1991)). The Court must first determine whether any final decisions of the Mississippi Supreme Court are dispositive. See Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co., 953 F.2d 985, 988 (5th Cir. 1992). When a Court must make an Erie guess, it is not the Court's role to create or modify state law, but rather only to predict it. Batts, 978 F.2d at 1386.

*D. Discussion*

1.  At-Will Employment Doctrine

It is well-settled law that Mississippi adheres to the common law doctrine of at-will employment. Wheeler v. BL Development Corp., 415 F.3d 399, 402 (5th Cir. 2005); Kelly v. Miss. Valley Gas Co., 397 So. 2d 874, 874 (Miss. 1981). Under the at-will employment doctrine, the employment relationship may be terminated by either the employer or the employee at-will unless the parties are bound by an employment contract. HeartSouth, PLLC v. Boyd, 865 So. 2d 1095, 1108 (Miss. 2003); Perry v. Sears, Roebuck & Co., 508 So. 2d 1086, 1088 (Miss. 1987). Mississippi Courts have recognized that an at-will employment relationship may be terminated for a good reason, a wrong reason, or for no reason at all. McCory v. Wal-Mart Stores, Inc., 755 So. 2d 1141, 1142 (Miss. Ct. App. 1999).

The Mississippi Supreme Court has recognized two abrogations of the at-will

employment doctrine. Senseney v. Mississippi Power Co., 914 So. 2d 1225, 1228-29 (Miss. Ct. App. 2005). First, the Mississippi Supreme Court created a narrow public policy exception to the doctrine, allowing an employee fired for refusing to follow an employer's directive to do illegal activity or for exposing illegal activity in the workplace to bring a wrongful termination action. McArn v. Allied Bruce-Terminix Co., 626 So. 2d 603, 607 (Miss. 1993). Second, if an employer publishes an employee manual that sets forth the proceedings in the event of an employee's rules infraction, then the employer must abide by those published procedures. Bobbitt v. The Orchard, Ltd., 603 So. 2d 356, 357 (Miss. 1992). The current case implicates only the first exception. The Court will now turn to an analysis of that exception.

In McArn, the employee was terminated and claimed he was wrongly terminated because he reported to customers and a state agency that the work being done by his former employer was inadequate or non-existent. 626 So. 2d at 605-06. McArn asserted that he was reporting criminal conduct under Mississippi law and asked the Mississippi Supreme Court to adopt an exception to the at-will employment doctrine. Id. at 606. The Mississippi Supreme Court concluded that "an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at-will doctrine from bringing an action in tort for damages against his employer." Id. at 607.

In the case *sub judice*, the Plaintiff claims that she was terminated for making complaints against a co-employee. In her summary judgment memorandum, the Plaintiff claims she was terminated for reporting the criminal activities of a co-employee. The Court notes that the Plaintiff alleges that Steele's assault upon her was the criminal activity. The Court further notes that the Defendant investigated these claims and could find no corroborating evidence. The Plaintiff and Steele were terminated because they could not get along and they were disrupting

the business of the Defendant. The Court finds the Plaintiff's attempted expansion of the criminal exception to the at-will employment doctrine to stretch the bounds of the Mississippi Supreme Court's decision in McArn and its progeny. The Court finds that McArn's "narrow public policy exception" is not applicable to this instance. The Court finds that to extend the McArn exception in this way would serve to envelope a much larger class of activities–one that would be at odds with the intent of the Mississippi Supreme Court's ruling in McArn. Thus, the Court follows the Mississippi Supreme Court and the Fifth Circuit in recognizing the McArn exception as a "narrow public policy exception." See Drake v. Advance Construction Service, Inc., 117 F.3d 203, 204 (5th Cir. 1997); HeartSouth, PLLC v. Boyd, 865 So. 2d at 1108. Therefore, the Plaintiff cannot overcome the at-will employment doctrine and the Defendant is entitled to judgment as a matter of law.

2. Promissory Estoppel

The Plaintiff alleges that Bryce was estopped from terminating her for reporting the misconduct of a co-employee because the employment handbook encourages such practice. The Defendant states that the employee handbook was not a contract and reiterated that the employment relationship was one at-will. In addition, the Defendant states that the Plaintiff was not terminated for reporting complaints against co-employees. The Court now turns to Plaintiff's promissory estoppel argument.

The doctrine of promissory estoppel requires: (1) a promise, (2) made without consideration, (3) with an intention that the promise should be relied upon, (4) the promise was indeed relied upon; and (5) failure to enforce the promise would result in fraud or injustice. Service Elec. Supply Co., Inc v. Hazelhurst Lumber Co., Inc., 2006 WL 464249, *6 (Miss. Ct. App. 2006); C.E. Frazier Constr. Co. v. Campbell Roofing and Metal Works Inc., 373 So. 2d

1036, 1038 (Miss. 1979). The purpose of the doctrine of promissory estoppel is to "forbid one to speak against his own acts, representations, or commitments to the injury of one to whom they were directed and who reasonably relied thereon." Koval v. Koval, 576 So. 2d 134, 137 (Miss. 1991). The doctrine is " a rule of justice which prevails over all other rules" and may, where applicable, "operate to cut off a right or privilege conferred by statute or even by the constitution.." Id. "However, estoppel should only be used in exceptional circumstances and must be based upon public policy, fair dealing, and reasonableness." Powell v. Campbell, 912 So. 2d 978, 982 (Miss. 2005) (*citing* PMZ Oil Co. v. Lucroy, 449 So. 2d 201, 206 (Miss. 1984)).

When an employee handbook specifically disclaims any intent to alter the employment at will doctrine, an employee generally may not maintain an action for wrongful termination. Byrd v. Imperial Palace of Mississippi, 807 So. 2d 433, 438 (Miss. 2001). A disclaimer in the employee handbook preserves the employer's right to terminate the employee at will. Hartle v. Packard Elec., 626 So. 2d 106 (Miss. 1993). An employee handbook cannot be considered a contract where it explicitly states that the employee may be terminated at will. Perry v. Sears, Roebuck & Co., 508 So. 2d 1086 (Miss. 1987). Disclaimers in employee manuals have the purpose of preserving the employment at-will doctrine. McCrory v. Wal-Mart, 755 So. 2d 1141 (Miss. Ct. App. 1999).

In the case *sub judice*, Bryce's employee handbook, which was provided to Dancer, stated: "Employment at our company is 'at will' which means that either the company or you may terminate the relationship at any time for any reason and with or without cause." Thus, under the Mississippi Supreme Court's ruling in Byrd the Plaintiff was an at-will employee subject to termination at any point. The Plaintiff claims that she was terminated for reporting wrongful conduct of a co-employee. The Defendant never alleged that this was reason for her

termination. Plaintiff was never made a promise that the employee handbook would supercede the at-will employment doctrine. Even if the Plaintiff could maintain that the handbook constituted a promise that she detrimentally relied upon, she fails to meet the injustice prong. Plaintiff was an at-will employee and she was not fired solely because she reported complaints. Thus, Plaintiff's claim for promissory estoppel is without merit and Defendant is entitled to judgment as a matter of law.

3. Defamation Claim

Section 71-5-131 of the Mississippi Code provides:

All letters, reports, communications, or any other matters, either oral or written, from the employer or the employee to each other or the department or any of its agents, representatives or employees, which shall have been written, sent, delivered or made in connection with the requirements and administration of this chapter shall be absolutely privileged and shall not be made the subject matter or basis of any suit for slander or libel in any court of the State of Mississippi unless the same be false in fact and maliciously written, sent, delivered or made for the purpose of causing a denial of benefits under this chapter.

To establish a claim for defamation, a plaintiff must prove the following elements: (1) a false and defamatory statement concerning the plaintiff; (2) unprivileged publication to third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of state irrespective of special harm or existence of special harm caused by the publication. Franklin v. Thompson, 722 So. 2d 688, 692 (Miss. 1998) (citations omitted). "The threshold question in a defamation suit is whether the published statements are false." Id. (*citing* McCullough v. Cook, 679 So. 2d 627, 631 (Miss. 1996). Truth is a complete defense to an action for defamation. Armistead v. Minor, 815 So. 2d 1189, 1194 (Miss. 2002); Blake v. Gannett Co., 529 So. 2d 595, 602 (Miss. 1988). The Plaintiff bears the burden to prove that the statement was false. Id. (*citing* Reaves v. Foster, 200 So. 2d 453 (Miss. 1967). The Mississippi

Supreme Court only requires that the statements be substantially true. Id. at 603 (*citing* Smith v. Byrd, 83 So. 2d 172, 174 (Miss. 1955). The United States Supreme Court has noted that "[m]inor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting of the libelous charge be justified.' Put another way, the statement is not considered false, unless it 'would have a different effect on the mind of the reader from that which the pleaded truth would have produced.'" Masson v. New Yorker Magazine, Inc., 501 U.S 496, 571, 111 S. Ct. 2419, 2433, 115 L. Ed. 2d 447 (1991).

In the case *sub judice*, it is clear that the subject statements were made in a privileged publication. The statute states that the only way an employer can be held liable for defamation is if those statements are false in fact and maliciously stated for the purpose of denial of benefits. The Supreme Court stated that actual malice is defined as "a statement made with knowledge that it was false or with reckless disregard of whether it was false or not." Masson, 501 U.S. at 510, 11 S. Ct. at 2428. Actual malice must be proven by clear and convincing evidence. Id. The Plaintiff has submitted no proof that the statement that she was terminated fo misconduct was false. In addition, she had not submitted proof that it was maliciously done by clear and convincing evidence. Therefore, she cannot overcome the burden laid down by the Mississippi Legislature in Miss Code Ann. § 71-5-131. Thus, Plaintiff's claim for defamation fails as a matter of law and the Defendant is entitled to judgment as a matter of law.

### E. Conclusion

Upon review, the Court finds that the Plaintiff was an at-will employee of the Defendant and could be terminated for any reason. The Court further finds that Plaintiff's actions to not meet the narrow McArn exception. Thus, there is no genuine issue of material fact on her wrongful termination claim. In addition, the Court finds that Plaintiff's claim for promissory

estoppel is meritless. The Court further finds that the employee handbook had a specific disclaimer stating that the Plaintiff's employment was at will. Finally, the Court finds that Plaintiff cannot meet her burden of proving that the Defendant's statements to the MESC were false or maliciously stated to prevent her from collecting benefits. Therefore, there are no issues of genuine material fact and the Defendant is entitled to judgment as a matter of law on all of the Plaintiff's claims. Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273.

A separate order in accordance with this opinion shall issue this day.

This the 4th day of April 2006.

/s/ Glen H. Davidson
Chief Judge